Zorrilla, Demandante y Apelante, *v.* Santana et al.,
Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre cumplimiento de contrato, etc.

Moción para que se desestime la apelación.

No. 2207.—Resuelto en abril 13, 1920.

Apelación — Parte Agraviada por la Sentencia — Desestimación de Apelación.—En un caso en que el demandante obtuvo sentencia "sin costas," de la cual apeló, no procede desestimar la apelación por el fundamento de que el apelante no es parte agraviada y porque la apelación se entabló contra la sentencia en su totalidad. En toda apelación deberá entenderse que se apela de la sentencia en tanto en cuanto perjudica al apelante.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. S. Alegría.*

Abogados de los apelados: *Sres. A. Alvarez Nava, F. de la Torre, J. Ramírez y J. Martínez Dávila.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Después de varias gestiones preliminares los demandados en este caso se allanaron a la demanda compareciendo entonces el demandante ante la corte mediante moción en la que solicitó especialmente de la corte no solamente que dictara sentencia a su favor sino también que condenara en costas a los demandados. La corte en enero 12, 1920, declaró sin lugar esta moción y en 30 de enero, 1920, dictó sentencia a favor del demandante, pero sin costas. Este último apeló.

Ahora comparecen los apelados ante esta corte y solicitan que se desestime la apelación por el fundamento de haber obtenido el demandante sentencia a su favor y porque de acuerdo con el artículo 294 del Código de Enjuiciamiento Civil solamente la parte agraviada puede apelar, y cita los casos de *Freyre* v. *Quintero* et al., 23 D. P. R. 128, *Alcaide* v. *Morales,* 26 D. P. R. 238, y *Díaz* v. *Barceló,* 27 D. P. R. 312.

De fijarnos en la forma en que aparece la moción de desestimación dicha moción tendrá que ser declarada sin lugar puesto que el apelante fué perjudicado por la sentencia en tanto en cuanto no se impusieron costas y honorarios a la parte vencida en la acción.

En el acto de la vista, no obstante, los apelados modificaron su actitud para insistir en el hecho de haber apelado el apelante contra toda la sentencia cuando solamente debió haber apelado de una parte de la misma, o sea, de la parte que dice "sin costas".

El escrito de apelación ante nos es muy general y expresa que "no estando conforme el demandante con la sentencia dictada apela de la misma".

El artículo 296 del Código de Enjuiciamiento Civil prescribe lo siguiente:

"Artículo 296.—Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

Este artículo está redactado en tal forma que parece conferir a la parte agraviada el derecho a apelar contra toda la sentencia o determinada parte de la misma. Es muy posible que su objeto haya sido afrontar el caso de una parte contra quien se ha dictado sentencia por un número de cosas, pero que sólo se opone a algunas de éstas.

Lo que muy frecuentemente ocurre, no obstante, es que la corte dicta sentencia a favor de un demandante en un caso de negligencia pero sólo concede daños nominales. A veces ambas partes apelan; otras el demandante únicamente. Hemos visto otros muchos casos en que ambas partes apelan y lo natural es apelar de la totalidad de la sentencia, acto que debe entenderse en el sentido de que se apela de la sentencia en tanto en cuanto perjudica al apelante.

La regla general es que no puede interponerse apelación contra una parte de la sentencia, a menos que (como en Puerto Rico) exista un estatuto que lo autorice, 3 C. J. 466. Cuando existe discreción para conceder costas pero tal discreción es revisable (como en Puerto Rico), las resoluciones en que no se conceden costas son revisables, 3 C. J. 537. En este caso el demandante hizo un esfuerzo especial porque se le concedieran costas y ha sido agraviado por la sentencia dictada en su contra. Y tan es así, que el secretario de la corte de distrito lo notificó como si hubiera sido la parte perjudicada por la sentencia.

Sea como fuere debe resolverse que la apelación se interpuso contra esa parte de la sentencia que perjudicaba al demandante. En la vista ante este tribunal el apelante ofreció que se limitaría a tal apelación, pero tengamos o no autoridad para aceptar o no tal limitación, la moción de desestimación debe ser declarada sin lugar.

*Sin lugar la moción de desestimación.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.