ERNESTO D. REYES y ARTURO BRAVO, demandantes y apelados, v. LAS MONJAS RACING CORPORATION y sus directores GERMÁNICO S. BELEVAL, FAUSTO E. ARANDES, PEDRO L. RODRÍGUEZ, RAMÓN LLOVET JR., MARIO S. BELEVAL y JAIME SIFRE JR., demandada-apelante.

No. 5267.—*Sometido:* Abril 7, 1930. *Resuelto:* Mayo 6, 1930.

*Feliú & La Costa,* abogados de los apelantes; *R. Rivera Zayas,* abogado de los apelados.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

En este caso, la demanda enmendada que tenemos a la vista, alegaba la existencia de un contrato por el que Ernesto D. Reyes adquirió de "Las Monjas Racing Corporation" el derecho exclusivo para la venta de "cuadros" o impresos para combinaciones en el juego de *"pool"* en el hipódromo de la dicha corporación en el barrio de Hato Rey, Río Piedras, por un término de quince años, y mediante el pago, a la corporación, de un centavo por cada "cuadro," mientras el precio de éstos fuera de cinco centavos, y una suma adicional, si fuera mayor el precio; esto entre otras estipulaciones y garantías. Alégase asimismo que la Legislatura de Puerto Rico había pasado una ley, que fué firmada por el Gobernador en 26 de abril de 1929, para empezar a regir a los 90 días de la firma, y por la que se enmendaron varios artículos de la llamada Ley Hípica, de 4 de mayo de 1927; y que el último día de sesión de dicha Legislatura de 1929, se introdujo en la Cámara de Representantes, y se aprobó definitivamente como parte de esa ley una enmienda por la que se disponía que los impresos para combinaciones en las carreras de caballos se venderían a cinco centavos uno, y de su importe se destinarían dos centavos para gastos de impresión, y el resto ingresaría en el Tesoro Insular para ser invertido en la profilaxis de la tuberculosis en los niños; y esa ley en cuanto fijaba el precio de esos "cuadros" y creaba un impuesto para proveer rentas era inconstitucional, por las razones que se expresaron: que Ernesto D. Reyes, se dirigió a la corporación demandada, avisándole que la ley citada era anticonstitucional y nula, y requiriéndola para que definiera su actitud en cuanto a la misma y a su cumplimiento, y los directores, en sesión extraordinaria de su junta, acordaron someterse al cumplimiento de la misma en cuanto a la venta y precio de los impresos, y pago de la contribución allí creada; que los demandantes, que son accionistas de la corporación "Las Monjas Racing Corporation," no tuvieron

tiempo de solicitar y obtener reunión de la junta general de accionistas para tratar acerca de ese particular, por lo que ejercitan esta acción; que los demandados se proponen dar cumplimiento a la dicha ley; y pidieron a la corte declarara nula y anticonstitucional la enmienda al artículo 15 de la ley, y prohibiera a la corporación cumplir con tal artículo, especialmente en cuanto a la venta de impresos para el *"pool"* por el precio establecido en dicha ley y pagar la contribución por ella creada.

Contestaron la demanda los demandados negando algunos de los hechos esenciales y negando que el precepto legal de que se trata altere o enmiende el propósito original del proyecto de ley presentado en el Senado, o constituya un asunto adicional al mismo, no comprendido en su título, o viole preceptos de la Carta Orgánica, o imponga contribución a favor de El Pueblo de Puerto Rico, o prive a la demandada o a sus accionistas o a alguno de ellos de su libertad y propiedad sin el debido procedimiento de ley, o con desigual protección de la ley, negando asimismo que destruya o menoscabe el valor de obligaciones contractuales o tome para el uso público la propiedad privada, negando perjuicio para la corporación como consecuencia de tal ley, y alegando como defensa especial que la corte carece de jurisdicción, que los demandantes son culpables de *laches,* que los hechos expuestos en la demanda no constituyen causa, que los demandantes no tienen capacidad ni personalidad para ejercitar esta acción, y que hay otra acción pendiente entre Ernesto D. Reyes y la corporación.

La demanda en el caso tiene fecha 31 de julio de 1929.

El caso se oyó el 9 de septiembre del mismo año y la corte dictó sentencia en 19 de noviembre del mismo año declarando sin lugar la demanda en todos sus pedimentos, sin especial condenación de costas. En la opinión se dice por el juez que la Legislatura de Puerto Rico por la Ley No. 44 de 1929 dispuso en el artículo 15 que los impresos para el juego de combinaciones de *pool* en el hipódromo deberían

venderse por las corporaciones explotadoras de los mismos a cinco centavos uno, descontándose dos centavos para gastos de impresión y el balance o resto ingresaría en el Tesoro Insular para invertirse por el Comisionado de Sanidad en la profilaxis de la tuberculosis en los niños; que esa ley empezó a regir el 25 de julio de 1929; que el Gobernador en 17 de junio del mismo año expidió una proclama convocando a la Legislatura de Puerto Rico a sesión extraordinaria para considerar, entre otros asuntos, enmiendas a las secciones 15 y 40 de la Ley Hípica; y que en esa reunión de la Legislatura se promulgó la Ley No. 9 de primero de julio de 1929 derogando el artículo 15 en la parte o disposición antes citada; y que esta ley derogatoria no empezó a regir hasta el 30 de septiembre del mismo año; todo lo que aparece de la prueba. El juez considera que la Legislatura al repudiar el precepto contenido en la Ley No. 44 de 1929 lo hizo para que no tuviera eficacia ni validez alguna. En consecuencia, el juez cree que la cuestión envuelta en el pleito es una cuestión académica. Resuelve, sin embargo, las cuestiones principales del caso y las defensas de los demandados. Pero sostiene que derogado el artículo 15 de la Ley No. 44, la corte no puede prohibir que se haga lo que aquel artículo ordenaba, ya que como ley desapareció el artículo. Por esa razón entendiendo que resultaría académico el decretar un *injunction* para impedir la realización de un acto que no podría realizarse por faltar ley que lo autorizara, y lo mismo el que se declarara nula e inconstitucional una ley que está ya derogada, deniega el *injunction*.

La sentencia corresponde con la opinión.

Contra esta sentencia se interpuso apelación por la parte demandada.

Ahora la parte demandante y apelada ha solicitado de nosotros que desestimemos esta apelación alegando que la sentencia no perjudica a los demandados-apelantes que no tienen así el carácter de parte agraviada por la misma; que

la apelación carece de mérito y es frívola; y que las cuestiones que los apelantes someten son académicas.

A esta petición se opusieron los apelantes sosteniendo que no es frívola ni académica la apelación por varias razones entre otras porque se debieron imponer y no se impusieron las costas y porque el caso en realidad fué llevado por el Sr. Reyes para su propio beneficio y no de la corporación, y por los demás argumentos que presenta su moción.

Verdaderamente, derogada la ley cuya inconstitucionalidad se sostenía, y no cabiendo que bajo la nueva ley se realizaran los actos de que se quejaban los demandantes, esto es, que se vendieran los cuadros al precio fijado por el precepto legal derogado con las deducciones que allí se expresaban y pagándose el impuesto que allí se creó, no vemos cómo podría dictarse un auto de *injunction* prohibitivo de actuaciones que no podrían realizarse en forma alguna, ya que no existía la ley que les dió razón de vida o posibilidad de realización. En el estado en que el pleito se decidió, y teniendo presente las peticiones de los demandantes, no podía el juez dictar la resolución de *injunction* que se solicitó.

Abrigamos una seria duda en cuanto a algunas de las alegaciones de los demandados-apelantes.

En el caso de *Zorrilla* v. *Santana*, 28 D.P.R. 324, hemos dicho:

"La regla general es que no puede interponerse apelación contra una parte de la sentencia, a menos que (como en Puerto Rico) exista un estatuto que lo autorice, 3 C. J. 466. Cuando existe discreción para conceder costas pero tal discreción es revisable (como en Puerto Rico), las resoluciones en que no se conceden costas son revisables, 3 C. J. En este caso el demandante hizo un esfuerzo especial porque se le concedieran costas y ha sido agraviado por la sentencia dictada en su contra. Y tan es así, que el secretario de la corte de distrito lo notificó como si hubiera sido la parte perjudicada por la sentencia."

Como un hecho que, cualquiera que pueda ser su importancia, no debemos ahora olvidar, aparece que la demanda

enmendada, única que tenemos a la vista en la transcripción, lleva fecha 31 de julio de 1929. La Ley No. 9, pasada por la Legislatura en sesión extraordinaria de 1929, es de 1 de julio del mismo año; era, por tanto, conocida por los demandantes, y así aparece de su demanda enmendada. Si este hecho es o no bastante para influir la determinación de la imposición de costas, y guiar la discreción judicial en uno u otro sentido, puede ser discutido en apelación. No determinamos nada en esa materia; basta que sea dudoso y discutible el punto. Y en tal sentir, la apelación no es enteramente frívola.

*Por las razones indicadas, debemos declarar y declaramos sin lugar la moción de desestimación.*