Ernesto D. Reyes y Arturo Bravo, demandantes y apelados, v. Las Monjas Racing Corporation y sus directores Germánico S. Belaval, Fausto E. Arandes, Pedro L. Rodríguez, Ramón Llovet Jr., Mario S. Belaval y Jaime Sifre Jr., demandada y apelante.

No. 5267.—*Sometido:* Febrero 10, 1932.  *Resuelto:* Febrero 16, 1932.

*Feliú & La Costa,* abogados de la apelante;  *G. de la Haba,* abogado de los apelados.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La demanda original en este caso está fechada el 23 de julio de 1929.  Se solicitó un decreto ordenando a la corporación demandada se abstenga de realizar ciertos actos de conformidad con una ley que empezó a regir el 25 de julio del citado año.  La parte de la ley que se ataca como inconstitucional fué derogada por otra ley que empezó a regir en septiembre 30 del aludido año.  Se libró un *injunction* preliminar.  El caso fué sometido en septiembre 9 a la corte de distrito mediante una estipulación de hechos, y resuelto en noviembre 19.  El juez de distrito entonces resolvió en efecto

que la disposición en cuestión era inconstitucional y que el *injunction* preliminar había sido expedido en debida forma, pero que la realización de futuros actos bajo una disposición legal que había dejado de existir no podía impedirse mediante *injunction*. Por tanto declaró sin lugar el recurso y anuló el *injunction* preliminar librado, sin especial pronunciamiento de costas.

La demandada apela de esa sentencia.

En el caso de *Las Monjas Racing Corporation* v. *Corte de Distrito,* 40 D.P.R. 294, este tribunal dijo que la cuestión relativa a los derechos de esa corporación bajo la disposición derogada era en su mayor parte académica. En *Reyes* v. *Las Monjas Racing Corporation,* 40 D.P.R. 910, esta corte prácticamente aprobó la actuación del juez de distrito al declarar sin lugar el recurso, pero resolvió que la apelación no era frívola en lo que a la cuestión de costas se refería. En dicho caso se sugirió que podría haber alguna duda respecto a si los demandantes debieron haber anticipado el resultado de su procedimiento, en la teoría de que la ley posterior empezaría a regir antes de poderse obtener un decreto final.

Según revela el alegato de los apelados, existe un vasto campo para divergencia de opinión respecto a la constitucionalidad de la disposición estatutoria por ellos atacada, que el juez de distrito declaró inconstitucional. No estamos preparados para decir que los demandantes no tuvieran razón para creer en el momento en que instituyeron su procedimiento, que no pudiera obtenerse una decisión final antes de la fecha en que la ley posterior entraría en vigor. No hallamos abuso de discreción de parte del juez de distrito al negarse a conceder las costas a la demandada.

*Debe confirmarse la sentencia apelada.*